**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4710-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ESTEBAN MORALES, a/k/a
CLAUDIO GONZALEZ,
STEVEN MORALES, B, BRANDON,
and KNOWLEDGE,

     Defendant-Appellant.

_____

Submitted May 2, 2019 – Decided June 21, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 12-02-0292.

Joseph E. Krakora, Public Defender, attorney for appellant (Adam W. Toraya, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Esteban Morales appeals from an April 10, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant raises the following arguments on appeal:

POINT I

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HIS ATTORNEY WAS INEFFECTIVE IN FAILING TO PRESENT MITIGATING FACTORS AT THE TIME OF SENTENCE.

POINT II

THE COURT MISAPPLIED ITS DISCRETION IN APPLYING [RULE] 3:22-4, AS A PROCEDURAL BAR AGAINST DEFENDANT'S FILING FOR POST CONVICTION RELIEF IN THIS CASE.

Having reviewed the record in its entirety and having considered all of defendant's arguments, we affirm for the well-reasoned and thorough thirty-two page written opinion of Judge Guy P. Ryan. In particular, we agree with the court that Rule 3:22-4 bars defendant's claims. Defendant argues his counsel was ineffective for failing to argue mitigating factor twelve at sentencing. See N.J.S.A. 2C:44-1(b)(12). Specifically, defendant contends he was entitled to

credit for cooperating with the police. Defendant could have raised these arguments in his direct appeal, State v. Esteban Morales, No. A-0039-15 (App. Div. Jan. 12, 2016), where we affirmed defendant's sentence as not manifestly or unduly punitive.

Moreover, defendant did not establish a prima facie case of ineffective assistance of counsel warranting an evidentiary hearing. The trial court has the discretion to conduct an evidentiary hearing. R. 3:22-10; State v. Preciose, 129 N.J. 451, 462 (1992). In order to obtain an evidentiary hearing on a PCR application based upon an ineffective assistance claim, a defendant must make a prima facie showing of deficient performance and actual prejudice. Preciose, 129 N.J. at 462-63. "When determining the propriety of conducting an evidentiary hearing, the PCR court should view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014); see also Preciose, 129 N.J. at 462-63. However, "bald assertions" of deficient performance are insufficient. State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). Rather, a defendant must demonstrate a reasonable likelihood of success on the merits. R. 3:22-10(b). Here, after our review of the record, we discern no error in the court's exercise of discretion to deny an evidentiary hearing, because neither

3

defendant's assertion he cooperated with police nor his lawyer's ineffective performance in connection with that assertion find any support in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION